# TROY LAW, PLLC

ATTORNEYS / COUNSELORS AT LAW
Tel: 718 762 1324   johntroy@troypllc.com   Fax: 718 762 1342
41-25 Kissena Blvd., Suite 119, Flushing, New York 11355

November 25, 2019

<u>Via ECF</u>
Honorable Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   **Joint Letter Motion Requesting Court Approval of Settlement Agreement**
*PAN et al. v NUTRITION RITE CORPORATION d/b/a Nutrition Rite et al.,*
*18-cv-06317*

Dear Judge Kuo:

The Parties write jointly to report that parties have come to an agreement on settling this matter.

**I.      Background**

Plaintiffs QIAN PAN, and LEI YANG were employed by Defendants NUTRITION RITE CORPORATION d/b/a Nutrition Rite and CIYAN CHEN a/k/a Mark Chen, XIAO JIANG LI, MIAO CHEN, and XIAO YAN CHEN, (collectively, "Defendants"),

This lawsuit was originally filed on November 06, 2018, for violations of the Fair Labor Standards Act and New York Labor Law. Plaintiffs alleged that pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid minimum wages and overtime wages, (2) liquidated damages, (3) prejudgment and post-judgement interest; and or (4) attorney's fees and cost. Plaintiffs further alleged pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that they are entitled to recover from the Defendants: (1) unpaid minimum wages and overtime compensation, (2) unpaid spread-of-hours premium, (3) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (4) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists

Hon. Peggy Kuo
Page 2

employee's hours along with the employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (5) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime in the amount of twenty five percent under NYLL § 190 et seq., § 650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (6) 9% simple prejudgment interest provided by NYLL, (7) post-judgment interest, and (8) attorney's fees and costs. Defendants deny all of Plaintiffs' claims in its entirety.

## II.    The FLSA Settlement is Fair and Reasonable

Based on the estimated total damages, the amount of One Hundred Thousand Dollars ($100,000.00) (inclusive of Plaintiff's legal fees) is fair and the proposed settlement agreement should be approved.  This settlement was the result of a contested litigation and arm's-length bargaining between experienced counsels, and guidance of this Court.

In this context, we note that the litigation risks faced by the parties are substantial. Plaintiffs claimed that they were not paid at least the minimum hourly wage rate for all hours worked, and one and one half times the rate of regular hourly rate in excessing of forty hours (40) in a given workweek. If this settlement agreement does not go through, then the parties would go forward to a full trial on the merits.  Afterward, the determination of the case could be the subject of a further appeal.  The parties anticipate that further litigation would lead to increased litigation costs, use of judicial resources, and extensive delay of resolution.  In light of these factors, including the serious risks posed by further litigation, this settlement agreement is a reasonable compromise over the contested issues and the Court's approval is appropriate.  The parties believe for all of the reasons stated in this letter, the Cheeks v. Freeport Pancake House, Inc., 796 F. 3d 199, 206 (2d Cir. 2015) factors have been satisfied.

The Settlement Agreement is attached hereto as Exhibit 1.

### A. Plaintiffs' Assessment

Plaintiffs' counsel evaluated Plaintiffs' potential damages by discussing with Plaintiffs in great detail the length of their employment, the nature of their work, the hours they worked, and the pay they received as compensation.

Calculations were made based on this review and the potential damages for the Plaintiffs are as follows:

Hon. Peggy Kuo
Page 3

Plaintiff QIAN PAN claimed that she worked approximately sixty (60) hours on average each week from September 30, 2017 to March 01, 2018; for about fifty-four (54) hours on average each week from March 02, 2018 to June 30, 2018; and she was paid Two Thousand Six Hundred Dollars ($2,600.00) per month from September 30, 2017 to November 29, 2017; Two Thousand Six Hundred Fifty Dollars ($2,650.00) per month from November 30, 2017 to January 30, 2018; Two Thousand Seven Hundred Dollars ($2,700.00) per month from January 31, 2018 to March 31, 2018; Two Thousand Seven Hundred Fifty Dollars ($2,750.00) per month from April 01, 2018 to May 31, 2018; and Two Thousand Eight Hundred Dollars ($2,800.00) per month from June 01, 2018 to June 30, 2018.

Plaintiff QIAN PAN's overtime compensation shortfall without liquidated damages under the FLSA was Sixteen Thousand Three Hundred Forty-Six Dollars And Fifty Cents ($16,346.50) and her overtime and spread-of-hour compensation shortfall under the NYLL was Eighteen Thousand Seven Hundred Forty-Four Dollars And Thirty-Five Cents ($18,744.35). Additionally, Plaintiff claimed Five Thousand Dollars ($5,000.00) for NYLL paystub violations and Five Thousand Dollars ($5,000.00) for NYLL Initial Time-of-Hire Notice Violations, and Two Thousand Five Hundred Ninety-Three Dollars And Five Cents ($2,593.05) in New York pre-judgment interest. The sum of one NYLL compensatory and liquidated damages, plus NYLL paystub and time-of-hire notice violation, with prejudgment interest, is Fifty Thousand Eighty-One Dollars And Seventy-Six Cents ($50,081.76).

Plaintiff LEI YANG claimed that he worked approximately sixty (60) hours on average each week from June 03, 2016 to March 30, 2018; for about fifty-four (54) hours on average each week from April 01, 2018 to June 30, 2018; and he was paid Two Thousand Three Hundred Dollars ($2,300.00) per month from June 03, 2016 to July 31, 2016; Two Thousand Three Hundred Fifty Dollars ($2,350.00) per month from August 01, 2016 to August 31, 2016; Two Thousand Four Hundred Dollars ($2,400.00) per month from September 01, 2016 to September 30, 2016; Two Thousand Five Hundred Dollars ($2,500.00) per month from October 01, 2016 to March 31, 2017; Two Thousand Five Hundred Fifty Dollars ($2,550.00) per month from April 01, 2017 to September 30, 2017; Two Thousand Six Hundred Dollars ($2,600.00) per month from October 01, 2017 to October 31, 2017; Two Thousand Six Hundred Dollars ($2,600.00) per month from October 01, 2017 to October 31, 2017; Two Thousand Six Hundred Fifty Dollars ($2,650.00) per month from November 01, 2017 to January 31, 2018; Two Thousand Seven Hundred Dollars ($2,700.00) per month from February 01, 2018 to March 31, 2018; and Three Thousand One Hundred Dollars ($3,100.00) per month from April 01, 2018 to June 30, 2018.

Plaintiff LEI YANG's overtime compensation shortfall without liquidated damages under the FLSA was Forty-Five Thousand Nine Hundred Forty-Eight Dollars And Seventy-One Cents ($45,948.71) and his overtime and spread-of-hour compensation

Hon. Peggy Kuo
Page 4

shortfall under the NYLL was Forty-Nine Thousand Four Hundred Sixty-Two Dollars And Forty-Two Cents ($49,462.42). Additionally, Plaintiff claimed Five Thousand Dollars ($5,000.00) for NYLL paystub violations and Five Thousand Dollars ($5,000.00) for NYLL Initial Time-of-Hire Notice Violations, and Nine Thousand Eight Hundred Two Dollars And Twelve Cents ($9,802.12) in New York pre-judgment interest. The sum of one NYLL compensatory and liquidated damages, plus NYLL paystub and time-of-hire notice violation, with prejudgment interest, is One Hundred Eighteen Thousand Seven Hundred Twenty-Six Dollars And Ninety-Six Cents ($118,726.96).

Plaintiffs' Damages Calculation is attached hereto as Exhibit 02.

After extensive negotiations, and given the inherent risks of litigation and Defendant's capacity to pay the judgment, Plaintiff and Defendants agreed to settle for the proposed settlement amount of One Hundred Thousand Dollars ($100,000.00) inclusive of attorney fees of the Plaintiff's counsel.

### B. Defendants' Assessment

Defendants, for the purposes of settlement negotiation only, accepted as true, Plaintiffs' allegations of period of employment, hours worked and amount of compensation.

Plaintiffs are not entitled to recover compensatory damages under both Fair Labor Standards Act ("FSLA") and the New York Labor Law ("NYLL"). As such, Plaintiffs' double calculation of compensatory damages under FSLA and NYLL is without merit. As for liquidated damages, courts in the Second Circuit have also held that Plaintiff is not entitled to both FSLA and NYLL damages because they serve the same practical purposes in compensating the Plaintiff and deterring wage violations.

However, the Court has the discretion to reduce or deny the liquidated damages if the employer shows that its action was in good faith and that he had reasonable grounds to believe that his act or omission was not a violation of FLSA or willful underpayment under NYLL. Defendants showed that their action was in good faith and there was no willful underpayment. As such, Defendants are of the position that Plaintiffs are not entitled to any liquidated damages.

### III. The Attorneys' Fees Are Fair and Reasonable

Defendants will provide Plaintiff with a settlement in the amount of One Hundred Thousand Dollars ($100,000.00).

Hon. Peggy Kuo
Page 5

The out-of-pocket expenses, which are necessary and incidental to the representation of Plaintiffs, are documented to the amount of Four Hundred Dollars ($400.00). The Net Recovery Amount after the Total Settlement Amount has been reduced by out-of-pocket expenses is Ninety-Nine Thousand Six Hundred Dollars ($99,600.00).

Of the Net Settlement Amount, One Third (1/3), or Thirty-Three Thousand Two Hundred Dollars($33,200.00), is due to Plaintiffs' attorneys, Troy Law, PLLC, in addition to out-of-pocket expenses of Four Hundred Dollars ($400.00) for a total of Thirty-Three Thousand Six Hundred Dollars ($33,600.00). Of the Net Settlement Amount, Two Thirds (2/3), or Sixty-Six Thousand Four Hundred Dollars($66,400.00) is due to Plaintiffs. In this calculation, Troy Law, PLLC has shouldered one third (1/3) of all out-of-pocket expenses.

Of the Settlement Amount due to Plaintiffs:

    01) Thirty Percent (30.00%), or Nineteen Thousand Nine Hundred Twenty Dollars ($19,920.00) is due to Plaintiff QIAN PAN; and

    02) Seventy Percent (70.00%), or Forty-Six Thousand Four Hundred Eighty Dollars ($46,480.00) is due to Plaintiff LEI YANG.

The Plaintiffs' allocation percentage is determined as follows: By first finding the sum of compensatory damages (FLSA and NYLL) in the damages computed and one liquidated damage (NYLL) for each Plaintiff; plus Time-of-Hire and Paystub violations and any breach-of-contract out-of-pocket expenses and then finding the total for Plaintiffs; and finding the weight of each Plaintiff's compensatory and liquidated damages of this total.

The retainer agreements agreed to and signed by Plaintiffs provided that Plaintiffs' counsel could recover One Third (1/3) of net recovery of any settlement in addition to costs and expenses. Plaintiffs' Counsel seek only One Third (1/3) of net recovery of any settlement in addition to costs and expenses. In this calculation, Troy Law, PLLC has shouldered one third (1/3) of all out-of-pocket expenses, while the clients have shouldered two thirds (2/3) of all out-of-pocket expenses. A contemporaneous Time & Billing with itemized expense list is attached (<u>See</u> Exhibit 3).

For the reasons provided above, the parties respectfully seek this Court's approval of the settlement.

Hon. Peggy Kuo
Page 6

Respectfully Submitted,

**TROY LAW PLLC**  **Law Office of Z. Tan PLLC**
*Attorneys for Plaintiffs*  *Attorneys for Defendants*


/s/ John Troy  /s/ Bingchen Li
John Troy, Esq.  Bingchen Li, Esq., Esq.
41-25 Kissena Blvd., Suite 119  39-07 Prince Street, Suite 3B
Flushing, NY 11355  Flushing, New York 11354
Tel.: 718 762 1324  Tel: (718) 886-6676